**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 5:24-cr-00062-MIS

COREY PARTICK SAFFELL,
CEASAR ENRIQUE MENDOZA,
and ROBERT EDWARD EMBLY,

Defendants.

**ORDER CONFIRMING AMICUS CURIAE APPOINTMENT**

THIS MATTER is before the Court on the victim-advocate counsel's Motion for Appointment of Amicus Curiae, ECF No. 318, filed August 6, 2026. The Court granted the motion and appointed an amicus, ECF No. 320, on August 12, 2026. Defendant Embly filed a Notice of Position Regarding the Motion to Appoint Amicus the same day, ECF No. 321, and the Court issued a Minute Order permitting all parties to respond to the Motion by August 20, 2026, ECF No. 323. Defendant Mendoza filed a Response in Opposition ("Mendoza Response"), ECF No. 325, as did Defendant Embly ("Embly Response"), ECF No. 326, both on August 20, 2026. The Government did not file a Response. The victim-advocate counsel filed a Reply, ECF No. 330, on August 28, 2026. Upon review of the parties' submissions, the record, and the relevant law, the Court confirms the appointment of an amicus curiae.

On February 24, 2025, Defendant Ceasar Enrique Mendoza and Defendant Robert Edwards Embly were found guilty by jury verdict of criminal civil rights violations. Jury Verdict, ECF No. 245. Prior to sentencing, on August 5, 2026, the Government filed an unopposed Motion to Dismiss Pursuant to Federal Rule of Criminal Procedure 48(a) ("Motion"). ECF No. 312. On August 6, 2026, the Court held a hearing on the Government's Motion. Clerk's Min. of Hr'g of

Aug. 6, ECF No. 319. Following the hearing, the victim-advocate counsel filed the instant motion requesting the Court appoint an amicus curiae to "brief the merits" of the Motion to Dismiss since both the Defendants and Government are aligned in support. ECF No. 318 at 1.

Defendant Mendoza argues that, although there is no governing standard in the Tenth Circuit for amicus curiae before the district court, Mendoza Resp. at 3, ECF No. 325 (citing *United States v. Feng Tao*, 499 F. Supp. 3d 940, 972 (D. Kan. 2020)), the Court should not appoint one in this case because the victim's family is not disinterested even if the amicus is disinterested, the Defendants "vigorously oppose appointment of [an] amicus," the "strength of the information and argument presented by the potential amicus curiae's interests is wholly and entirely lacking," "[p]otential amicus counsel can add nothing the parties have not addressed or can address," and the "usefulness of information and argument presented by potential amicus to the court is likewise lacking and irrelevant" because the "issue is fully briefed." *Id.* at 5. Defendant Mendoza also argues that

> Government and defense counsel are clearly and surely capable of making arguments without the assistance of amicus . . . [because] [a]ll defense counsel and government counsel attended and graduated from law school, passed one or more bar exams, have been admitted to federal practice, and have substantial experience in federal criminal defense . . . [and] In fact, not only did replacement government trial counsel review the case for error, of an abundance of caution, the government had its appellate attorneys review the case for error and ably argue in support of the motion for mistrial. Simply put: the parties have and can continue to ably and fully brief all issues, there is no need for amicus.

*Id.*[1]

Defendant Embly argues that the Court should not appoint an amicus because (1) the Court incorrectly asserted that Defendants were "convicted by jury verdict" in the background section of

[1] The Court does not address Defendant Mendoza's separate argument about Rule 48(a), which is to be briefed by the Government and the amicus curiae. *See* Mendoza Resp. at 5-8, ECF No. 325.

the Order Appointing Amicus, Embly Resp. at 4-5, ECF No. 326 (citing Order at 1, ECF No. 320); (2) this case is unlike *United States v. Adams*, 348 F.R.D. 408 (S.D.N.Y. 2025) and *United States v. Flynn*, 507 F. Supp. 3d 116 (D.D.C. 2020) because "the government does not seek to dismiss the case for political reasons," there "has been no disagreement because the local U.S. Attorney's Office and Main Justice," Defendants hold "no political or elected positions that allow them to be influenced by or provide influence to the Executive," Defendant Embly's counsel "does not have a director [sic] line to the President of the United States," "[n]either the President nor any other executive official has made public statements criticizing the prosecution or the local U.S. Attorney's Office," and there is "[no] suggestion, let alone evidence, of quid pro quo political favors underlying the government's dismissal request," *id.* at 5-8; and (3) the Court's request that the amicus address whether "dismissal is warranted for all counts" is equivalent to the Court acting as its own prosecutor, *id.* at 13 (citations omitted).[2]

Defendant Mendoza argues the Court should use the following standard to appoint an amicus, Mendoza Resp. at 4, ECF No. 325,

> (1) 'whether the proposed amicus is a disinterested entity';
>
> (2) 'whether there is opposition to the entry of the amicus';
>
> (3) 'whether counsel is capable of making arguments without the assistance of an amicus';
>
> (4) 'the strength of the information and argument presented by the potential amicus curiae's interests'; and
>
> (5) 'perhaps most importantly,' 'the usefulness of information and argument presented by the potential amicus curiae to the court.'

---

[2] Like Defendant Mendoza, Defendant Embly also takes this opportunity to submit separate argument on Rule 48(a) dismissals. Embly Resp. at 8-11, ECF No. 326. The Court does not address his arguments as Rule 48(a) is to be briefed by the Government and the amicus curiae.

*United States v. Bd. of Cnty. Comm'rs of the Cnty. of Otero*, 184 F. Supp. 3d 1097, 1115 (D.N.M. 2015), *aff'd*, 843 F.3d 1208 (10th Cir. 2016) (citing *Ass'n of Am. Sch. Paper Suppliers v. United States*, 34 C.I.T. 207, 210 (2010)). Under these factors, the Court confirms that it correctly appointed John C. Anderson as an amicus to brief in opposition to the Government's Motion to Dismiss under Federal Rule of Criminal Procedure 48(a).

First, John C. Andrson is a disinterested party. While Defendant Mendoza is correct that Doe's family is an interested party, their representative, Mr. Chavez, is not briefing the motion. Nor is his suggested amicus, Mark Baker. Order at 2 n.1, ECF No. 320. Further, this factor typically applies in cases where the parties are adversarial and a third party enters as amicus. In that scenario, the Court should guard against amicus briefs that simply strengthen one party or are duplicative of one party's arguments. *Ass'n of Am. Sch. Paper Suppliers*, 34 C.I.T. at 210. Here, there is no party briefing in opposition to the Government's Motion.

Second, because there is no party briefing in opposition to the Government's motion, the Court does not consider Defendants' opposition to the entry of the amicus a factor in its decision. It would be odd if Defendants were not opposed.

The third factor is whether a counsel is "capable of making arguments." *Bd. of Cnty. Comm'rs of the Cnty. of Otero*, 184 F. Supp. 3d at 1115. The question is not whether counsel are barred attorneys. *See* Mendoza Resp. at 5, ECF No. 325. The question is whether "the court is concerned that one of the parties is not interested in or capable of fully presenting one side of the argument." *Am. Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (Fed. Cl. 1991). Here, there is no party capable of presenting the other side of the Rule 48(a) argument.

The fourth factor considers "the strength of the information and argument presented by the potential amicus curiae's interests." *Bd. of Cnty. Comm'rs of the Cnty. of Otero*, 184 F. Supp. 3d

at 1115. That is a relevant factor where the parties are adverse, an interested third party provides information to the Court, and the Court must weigh whether the information and argument presented is strong enough to warrant consideration in addition to the parties' arguments. It is not a factor here because it is not the case that the Court's amicus can "add nothing the parties have not addressed or can address." Mendoza Resp. at 5, ECF No. 325. No party is briefing in opposition to the Government's motion. *See id.* at 5-8 (arguing in support of the Government's Rule 48(a) Motion to Dismiss); Embly Resp. at 8-11, ECF No. 326 (arguing in support of the Government's Rule 48(a) Motion).

Lastly, the fifth factor is dispositive. Without an amicus curiae the Court will not hear argument in opposition to the Government's motion and the motion will not be fully briefed. Defendant Mendoza's argument that the amicus' contribution is "lacking and irrelevant," Mendoza Resp. at 5, ECF No. 325, is particularly specious considering the amicus has not filed a response.

As to Defendant Embly's arguments, the Court finds that if it was incorrect to state that Defendants were "convicted by jury verdict," that does not bear on the appointment of an amicus. Embly Resp. at 4-5, ECF No. 326. If anything, the amicus may help clarify when a conviction occurs and whether that bears on a Rule 48(a) dismissal.

Second, the Court finds that the absence of a political reason for dismissal is a reason to appoint an amicus, not a reason to decline to hear argument. *Id.* at 5-8. If a political reason were apparent, the Court might be able to rule on the Rule 48(a) motion without an amicus. As Defendant Mendoza notes, Rule 48(a) requires courts to consider the public interest in granting dismissals. Mendoza Resp. at 8, ECF No. 325 (citations omitted). An amicus will help the Court consider whether dismissal is "clearly contrary to manifest public interest." *Id.* (citations omitted).

Third, the Court's request that the amicus brief thoroughly enough to permit the Court to discern whether "dismissal is warranted for all counts," Embly Resp. at 13, ECF No. 326, is not the Court acting as its own prosecutor. The Government is requesting a change to the status of proceedings. If the Court permits dismissal, it is not clear to the Court whether it should grant dismissal for all counts. Should dismissal be warranted for only one or two counts the Court cannot require the Government to prosecute remaining counts, not only because the Court cannot act as a prosecutor but also because those counts have already been prosecuted.

Finally, the Court was already considering appointing an amicus curiae before Mr. Chavez filed the Motion. The Court finds that even in the absence of the Motion to Appoint, appointment of John C. Anderson as amicus curiae is appropriate to fully develop the arguments. *Bd. of Cnty. Comm'rs of the Cnty. of Otero*, 184 F. Supp. at 1115 ("A district court exercises wide discretion in deciding whether to grant or deny leave to file an amicus brief.").

Accordingly, it is **HEREBY ORDERED** that John C. Anderson appointment as amicus curiae is **CONFIRMED**.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE