**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA

v.

Case No. 5:24-cr-00062-MIS

COREY PARTICK SAFFELL,
CEASAR ENRIQUE MENDOZA,
and ROBERT EDWARD EMBLY,

Defendants.

**ORDER ON UNITED STATES' MOTION FOR RECONSIDERATION**

THIS MATTER is before the Court on the United States' Unopposed Motion to Reconsider Finding of Crime Victims' Rights Act Violation Against AUSA Emil Kiehne ("Motion"), ECF No. 347. On September 17, 2026, the Court granted Crime Victims' Motion For a Finding That the United States Violated the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(5), ECF No. 316, and ordered a remedy, ECF No. 335. Upon review of the Government's submission, the record, and the relevant law, the Court has reconsidered its ruling and will substitute the language in its ruling as follows.

The Government brought additional information to the Court's attention, specifically as it related to Mr. Kiehne's role in Government's decision of whether and when to file the Motion to Dismiss. ECF No. 312. Although the Court notes that Mr. Kiehne "did not decide to file the Government's motion to dismiss and [] did not decide when to file it[,]" Decl. of Emil J. Kiehne, ECF No. 347-1 ¶ 8, the new information further solidifies that Mr. Kiehne was one of the Government attorneys most closely involved with the Motion to Dismiss and served on the Government team working on this case.

Accordingly, the Court will adjust the language in its ruling as follows. Where the Order on Page 5 now reads: "Specifically, an appellate attorney for the Government, Mr. Kiehne, reviewed the case and determined that the Government would not defend the convictions on appeal, informing the Government's decision to file a Motion to Dismiss. *Id.*", it shall instead read: "Previously, an appellate attorney for the Government, Mr. Kiehne, 'reviewed the record and provided advice to USAO management about possible issues on appeal,' informing the Government's decision to file a Motion to Dismiss. ECF No. 347-1 ¶ 4. Mr. Kiehne had also drafted the Government's Motion to Dismiss. *See id.* ¶ 3. During his significant work on this case, Mr. Kiehne was not tasked with, nor does the record reflect that he suggested or raised the issue of, conferral with the Nava Family regarding the Government's decision-making concerning dismissal. *See generally*, *id.* Still, Mr. Kiehne does not reveal which Government attorney, if any, was tasked with ensuring that the Government followed the CVRA before it decided to move to dismiss the case."

Where the Order on Page 7 now reads: "Considering the nature of the Nava Family's right to confer with the Government and the timeline of events, the Court finds that the Government—specifically Assistant United States Attorneys Ms. Armijo and Mr. Kiehne—violated the CVRA.", it shall instead read: "Considering the nature of the Nava Family's right to confer with the Government and the timeline of events, the Court finds that the Government—specifically, the members on the litigation team for this case, which included Ms. Armijo and Mr. Kiehne—violated the CVRA."

An Order updated to reflect this reconsidered language will follow.

IT IS so ordered.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE